IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KENNETH WAYNE MATHISON, | ) | CIV. NO. 07-00094 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| ESTATE OF YVONNE MARIE MATHISON, et al., | ) ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

**ORDER OF DISMISSAL**

Pro se Plaintiff Kenneth Wayne Mathison, a Hawaii state prisoner incarcerated at Diamondback Correctional Facility in Watonga, Oklahoma, filed a document titled "Notice of Appeal to the District of Hawaii Court of Appeals from Judgment/Orders of the Hawaii Supreme Court." The court finds that Mathison is improperly attempting to appeal a decision by the Hawaii Supreme Court to this court. The court lacks jurisdiction over this action and hereby DISMISSES the action.

As a general principle, this court may not exercise appellate jurisdiction over state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This rule, commonly known as the Rooker-Feldman doctrine, requires that:

> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United

>  States District Court, based on the losing
>  party's claim that the state judgment itself
>  violates the loser's federal rights.

Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005 (1994)), cert. denied, 525 U.S. 1103 (1999).[1]

The Rooker-Feldman doctrine divests federal district courts of jurisdiction to conduct a direct review of state court judgments even when a federal question is presented. Allah v. Superior Ct. of State of California, 871 F.2d 887, 891 (9th Cir. 1989). Accord Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts"). Jurisdiction is lacking even if the state court decision is challenged as unconstitutional. Feldman, 460 U.S. at 486; Branson v. Nott, 62 F.3d 287, 291 (9th Cir.) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings. This is true even when the challenge to a state court decision involves federal constitutional issues") (citations omitted), cert. denied, 516 U.S. 1009 (1995). Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court. See Feldman, 460 U.S. 482-483;

---

[1] Rooker-Feldman is a jurisdictional doctrine that goes to this court's subject matter jurisdiction. See Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998).

Bennett, 140 F.3d at 1223 (noting that the rationale behind the Rooker-Feldman doctrine "is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").

The Rooker-Feldman doctrine does not apply to a "general constitutional challenge"--one that does not require review of a final state court decision in a particular case. See Doe & Associates Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001). The distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle and difficult to make. If the federal constitutional claims presented to the district court are "inextricably intertwined" with the state court's judgment, then a plaintiff is essentially asking this court to review the state court's decision, which this court may not do. Id.

Here, Mathison states that this Court has jurisdiction founded on diversity of citizenship and federal question. Mathison, however, provides no facts in support of this "appeal," nor could he supply sufficient facts to persuade this Court that it has jurisdiction over this matter. Mathison is clearly asking this court to sit as an appellate court on the state supreme court's decision to deny his appeal. This court lacks subject matter to do so.

Because this court lacks subject matter jurisdiction to hear an appeal of a state court decision, this action is DISMISSED without prejudice. Although this court would normally give a pro se plaintiff leave to amend his or her complaint when

3

it dismisses that complaint, the court does not do so in this case because the relief Mathison seeks cannot be granted in this court under any pleading.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, the clerk of the court is directed to close this case.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, March 20, 2007.



    _____
    Alan C. Kay
    Sr. United States District Judge

<u>Mathison, et al., v. Estate of Yvonne Marie Mathison, et al.</u>, Civ. No. 07-00094 ACK-LEK; Order Denying in Forma Pauperis Application; hmg\IFP 07\Mathison 07-94 (dny 1983 insuf)